Reed, J.,
delivered the opinion of the court.
Appellant was secretary to appellee, and as such officer it was his duty to collect, receipt for the money due the company, and pay it over to the treasurer. It is alleged in the *57 complaint and admitted that from August to early in December, 1889, appellant received of the money of the company various sums, aggregating on the 8th day of December, $528.15, which he neglected or refused to pay over to the treasurer.
The special defenses interposed were: First: “ That in the performance of his duties as secretary, it sometimes became necessary for him to hold the money of the plaintiff for a time before paying it to the treasurer. That he keep it in his private safe until such time as he could pay it to the treasurer. That he gave the money the same care and attention as he did his own, etc.
Second: “ That on the 8th of December the safe was broken open and the money of the company and some of his own was stolen.
Third: “ That he received no compensation for his services.”
The case was tried to a jury and at the close of the testimony the court instructed the jury to find for the plaintiff the amount claimed, $528.15, and interest, $106.83, making $634.98.
This case was once before decided by this court. See Investment Co. v. Carico, 1 Colo. App. 292, when the testimony upon the trial was fully and carefully reviewed and the law of the case fully stated. The judgment was reversed, cause remanded and second trial had, which is the one under review.
A careful examination of the evidence shows it the same as that of the former trial, only varying from it in some unimportant particulai's. The defenses were no better established than upon the former.
The following paragraph appears in the former decision, page 296 : “ To exonerate defendant it must be shown, first, that the funds of the company were kept separate and distinct from his own. Treating moneys received as his own, and his liability as that of a debtor for the amounts received, would be a conversion, and the loss his own; second, that the loss did not occur through his negligence and failure to pay the *58 money over, or through his negligence in the manner of keeping it. Disregarding his official duty, and regarding it only as an unpaid or gratuitous bailment, the amount of care required is that which a prudent man would give to his own property. To show that he gave it the same care that he did his own is not sufficient, if the testimony shows gross negligence in his own affairs. See Schouler on Bail., 44 and 47; Story on Bail., sees. 64 and 183.” See also authorities there cited in support of the declarations. The defendant’s evidence failed to establish either of the propositions there declared necessary to exonerate him, nor did it show as alleged in the answer, “ that in the performance of his’official duties it became necessary for him to hold the money for a time.” No reason is given, even by himself, why money was retained from August to December, after several demands had been made by the treasurer. His own and other evidence showed a changing, mixing and confusion of the money with his own which amounted to a conversion. Hence, at the time of the alleged robbery he was not a bailee, but the debtor of the company for the amount received by him. Such being the ease, the court was warranted in taking the case from the jury. There were no questions of fact for the jury to determine. The judgment of the district court will be affirmed.

Affirmed.